IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED WALDROP,

      Plaintiff,                    No. CIV S-06-0976 LKK GGH P

   vs.

DEWALD, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is proceeding pro se. When he originally filed this action he was incarcerated in state prison. Plaintiff has since been released from prison. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff filed the original complaint on May 4, 2006. On June 20, 2006, petitioner filed a petition for writ of habeas corpus. In this petition, plaintiff requested copies of forms. In other words, plaintiff was not attempting to file a habeas corpus petition challenging the legality of his conviction. On June 20, 2006, plaintiff filed an amended complaint.

1

1 Accordingly, the court will screen the amended complaint.  Fed. R. Civ. P. 15.

2  Determining plaintiff may proceed in forma pauperis does not complete the
3 required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at
4 any time if it determines the allegation of poverty is untrue, or if the action is frivolous or
5 malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
6 an immune defendant.

7  A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams,
8 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson
9 v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

10  A complaint, or portion thereof, fails to state a claim if it appears beyond doubt
11 there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467
12 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
13 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
14 this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.
15 Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and
16 resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

17  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
18 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
19 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
20 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
21 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22  The court finds the allegations in plaintiff's complaint so vague and conclusory
23 that it is unable to determine whether the current action is frivolous or fails to state a claim for
24 relief.  The court has determined that the complaint does not contain a short and plain statement
25 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
26 policy, a complaint must give fair notice and state the elements of the claim plainly and

1  succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
2  must allege with at least some degree of particularity overt acts which defendants engaged in that
3  support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed.
4  R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file
5  an amended complaint.

6        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>
8  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
9  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
10 there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
12 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of</u>
14 <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

15       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
17 amended complaint be complete in itself without reference to any prior pleading. This is
18 because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v.</u>
19 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
20 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be sufficiently
22 alleged.

23       The court observes that plaintiff has not filed a notice of change of address
24 although his pleadings reflect a new address. The court will direct the Clerk to change court
25 records to reflect plaintiff's new address. Plaintiff is reminded that it is his responsibility to keep
26 the court apprised of his current address at all times. Pursuant to Local Rule 83-182(f), service of

1 | documents at the record address of the party is fully effective.

2 | In accordance with the above, IT IS HEREBY ORDERED that:

3 | 1. Plaintiff's application to proceed in forma pauperis is granted;

4 | 2. Plaintiff's complaint is dismissed with thirty days to file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action;

3. The Clerk of the Court is directed to amend court records to reflect plaintiff's new address: 3309 Y Street, Apartment B, Sacramento, California, 95817.

DATED: 7/28/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wal976.b